**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RYAN A. SMITH,

                                Plaintiff,

   v.                                                9:15-CV-602 (FJS/ATB)

ANTHONY J. ANNUCCI, et al.,

                                Defendants.

---

RYAN A. SMITH, Plaintiff pro se
CHRISTOPHER J. HUMMEL, Asst. Attorney General for Defendant

ANDREW T. BAXTER, U.S. Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report-Recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this civil rights complaint, plaintiff alleges that the New York State Department of Corrections and Community Supervision ("DOCCS"), through the named defendants, is forcing inmates to eat food which contains too much soy. (Complaint ("Compl.") (Dkt. No. 1). Plaintiff argues that, inter alia, soy-based foods contain estrogen, which is harmful to men; contain poison; create breasts; and cause mood swings. (Compl. ¶ 6). Plaintiff claims that the policy of feeding inmates too much soy violates the Eighth Amendment, subjecting him and other male inmates to cruel and unusual punishment. (Compl. ¶ 7). Plaintiff seeks substantial monetary as

well as injunctive relief.[1]

Presently before the court is the defendants' motion to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 18). Plaintiff has responded in opposition to the motion. (Dkt. No. 20). For the following reasons, this court agrees with defendants and will recommend dismissal of the complaint.

## DISCUSSION

I. **Facts**

Plaintiff states that he and other male inmates are being forced to eat "over 150 to 1,000 grams" of soy per day. (Compl. ¶ 6 at p.4).[2] Plaintiff states that "soy food" has estrogen in it, which "creates" breasts and enhances breast size, while lowering the male inmates' testosterone, causing health problems and death. (*Id.*) Plaintiff claims that he is not getting enough protein in his diet because the protein is being replaced by the "soy food." Plaintiff claims that DOCCS is attempting to save money by feeding the inmates food which is not "fit" for human consumption. Plaintiff also alleges that this policy is motivated by the fear that feeding inmates protein will cause them to "gain muscles & become big." Plaintiff also claims that soy has poison in it, and that "humans" are not supposed to eat more than five grams of soy per day. (*Id.*) Plaintiff states that "soy food . . . messes with the chemistry in human brains & creates mood

---

[1] Much of the language in plaintiff's complaint refers to "inmates" in general. The court must point out that this plaintiff is in no way "representing" other inmates because a person who has not been admitted to practice law may not represent anyone other than himself. *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). *See also* 28 U.S.C. § 1654.

[2] The page number refers to the page that is assigned by the court's electronic filing system ("CM/ECF").

swings." (Compl. ¶ 6 at p.5). Plaintiff claims that the female inmates are not forced to eat the soy-based food, and that only the male inmates are tortured in this way. (*Id.*) Plaintiff alleges that defendants Commissioner Anthony Annucci and "Assistant Commissioner Velez Michael" allowed this unconstitutional treatment to continue.

## II.     Motion to Dismiss

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 71 (2d Cir. 1995). The court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any

3

documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d at 72 (the court may take into consideration documents referenced in or attached to the complaint in deciding a motion to dismiss, without converting the proceeding to one for summary judgment). Finally, the court may consider matters of which judicial notice may be taken, such as public filings and administrative decisions. *See Kavowras v. New York Times, Co.*, 328 F.3d 50, 57 (2d Cir. 2003) (citing *inter alia County Vanlines, Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 154 (S.D.N.Y. 2002) (taking judicial notice of NLRB decisions)). *See also Combier Kapel v. Biegelson*, 242 F. App'x 714, 715 (2d Cir. 2007) (taking judicial notice of the Impartial Hearing Officer's decision as well as certain other documents in the administrative record of an IDEA case); *In re Howard's Exp., Inc.*, 151 F. App'x 46, 48 (2d Cir. 2005) (taking judicial notice of Bankruptcy Court docket); *Caro v. Fidelity Brokerage Services, LLC*, No. 3:12-CV-1066, 2013 WL 3299708, at *6 (D. Conn. July 26, 2013) (taking judicial notice of record in prior litigation between the same parties).

### III. Personal Involvement/Respondeat Superior

#### A. Legal Standards

Personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and respondeat superior is an inappropriate theory of liability. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). In *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986), the Second Circuit detailed the various ways in which a defendant

4

can be personally involved in a constitutional deprivation, and thus be subject to individual liability.

A supervisory official is personally involved if that official directly participated in the infraction. *Id.* The defendant may have been personally involved if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong. *Id.* Personal involvement may also exist if the official created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue. *Id.* Finally, a supervisory official may be personally involved if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event. *Id. See also Iqbal v. Hasty*, 490 F.3d 143, 152–53 (2d Cir. 2007) (citing *Colon v. Coughlin*, 58 F.3d 865, 873) (2d Cir. 1995)), *rev'd on other grounds*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Some courts have discussed whether all of the *Colon* factors are still viable after *Ashcroft*. *See Conklin v. County of Suffolk*, 859 F. Supp. 2d 415, 439 (E.D.N.Y. 2012) (discussing cases). However, the court in *Conklin* ultimately determined that it was unclear whether *Colon* had been overruled or limited, and continued to apply the factors outlined in *Colon*. *Id.* In making this determination, the court in *Conklin* stated that "it remains the case that 'there is no controversy that allegations that do not satisfy any of the *Colon* prongs are insufficient to state a claim against a defendant-supervisor.'" *Id.* (quoting *Aguilar v. Immigration Customs Enforcement Div. of the U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 803, 815 (S.D.N.Y. 2011)). *See also Amaker v. Fischer*, No. 10-CV-88, 2016 WL 6778782, at *2 n.2 (W.D.N.Y. Nov. 16, 2016)

(recognizing that the Supreme Court's decision in *Iqbal* may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations, but noting that the Court of Appeals "has yet to resolve the issue"); *Jones v. Smith*, No. 09-CV-1058, 2015 WL 5750136, at *8 n.6 (N.D.N.Y. Sept. 30, 2015) (discussing the use of the *Colon* factors absent definitive guidance from the Second Circuit).

### 2. Application

In their motion to dismiss, defendants argue that the complaint contains "sparse" allegations concerning defendants Superintendent Michael Sheaham and Commissioner Anthony Annucci. (Def.s' Br. at 3) (Dkt. No. 18-1). Defendants argue that plaintiff's allegations are completely conclusory and amount to nothing more than a claim of respondeat superior liability based upon the defendants' positions of authority.

In his response to the motion to dismiss, plaintiff alleges that Superintendent Sheaham "is responsible for his staff since he is the Superintendent of Southport . . . & I have wrote [sic] multiple letters regarding soy food, what it dose [sic] to me & complain about his staff not helping me with this problem . . . ." (Dkt. No. 20 at 3). Plaintiff also states that defendant Annucci is "the head of charge [sic] of all the staff that works in a correctional facilitys [sic] & of [DOCCS], so it is his job to make shore [sic] that inmates [sic] rights & United States Constitution is not being violated in anyway [sic] . . . ." (*Id.*) Plaintiff also states that defendant Annucci must make sure that the inmates are cared for, and he "is supose [sic] to review all letters, grievances, complaints, health record [sic] and to make the final decision." (*Id.*)

6

These statements by plaintiff confirm that he is essentially alleging that defendants Sheaham and Annucci are liable because they are in positions of authority and are "supposed" to look out for the inmates' welfare. Plaintiff's conclusory statement that defendant Annucci is responsible for reviewing absolutely everything that happens in all the correctional facilities, including having the responsibility to review inmates' medical records, is not supported by any factual basis and is clearly an attempt to assert respondeat superior. In addition, the fact that plaintiff wrote letters or that a defendant may have ignored letters, regarding plaintiff's complaints about soy-based foods does not automatically create personal responsibility of the recipient for any issues raised in the letter. *See Rivera v. Fischer*, 655 F. Supp. 2d 235, 238 (W.D.N.Y. 2009) (numerous court have held that merely writing a letter of complaint does not provide the personal involvement necessary to maintain a § 1983 claim) (citing *Candelaria v. Higley*, No. 04-CV-277, 2008 WL 478408, at *2 (W.D.N.Y. Feb. 19, 2008) (citing cases)). An exception exists when the supervisor receives and acts upon an inmate's letter or otherwise responds to a plaintiff's complaint. *Id.* (citing cases).

In this case, plaintiff does not state that either defendant Annucci or defendant Sheaham responded to, or investigated, plaintiff's complaints about the soy-based diet. In plaintiff's response to the motion for summary judgment, he states that he discussed the issue with the medical staff, none of whom are defendants in this action. Thus, plaintiff has failed to allege sufficient personal involvement by defendants Annucci and Sheaham, and any claim for damages may be dismissed as against these two defendants.

7

Although the failure to properly allege personal involvement allows the dismissal of plaintiff's claims for damages as against these two defendants, the dismissal would not apply to plaintiff's claims for injunctive relief. *See Sosa v. Lantz*, No. 3:09-CV-869, 2013 WL 4441523, at *5 (D. Conn. Aug. 14, 2013) (citing *Malik v. Tanner*, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988) (a claim for injunctive relief as opposed to monetary relief may be made on a respondeat superior theory)). However, even if the plaintiff could have established the personal involvement of defendants Annucci and Sheaham, and for purposes of injunctive relief, his claims fail on the merits as discussed below.[3]

## IV. Soy-Based Food Products

### A. Legal Standards

The Eighth Amendment protects prisoners from "cruel and unusual punishment" in the form of "unnecessary and wanton infliction of pain" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The constitutional prohibition against cruel and unusual punishment includes the right to be free from conditions of confinement that impose an excessive risk to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Prisoners are entitled to humane conditions of confinement that provide for their "basic human needs." *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). This includes "adequate food, clothing, shelter, and medical care."

---

[3] In addition, the defendants did not argue lack of personal involvement on behalf of defendant Velez. Thus, the court will proceed to consider the merits of plaintiff's allegations.

8

*Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

In order to establish an Eighth Amendment claim, the plaintiff must show that (1) he was incarcerated under conditions which posed a substantial risk of serious harm, **and** (2) prison officials acted with deliberate indifference to his health or safety. *See Farmer*, 511 U.S. at 834. "The deliberate indifference standard embodies both an objective and a subjective prong." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Under the objective standard, a plaintiff must allege a deprivation "sufficiently serious" to constitute a constitutional violation. *Hathaway*, 37 F.3d at 66 (quoting *Wilson v. Seiter*, 501 U.S. at 298). "Because society does not expect or intend prison conditions to be comfortable, only extreme deprivations are sufficient to sustain a 'conditions- of-confinement' claim." *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 199) (citing *Hudson v. McMillan*, 503 U.S. 1, 9 (1992) (only those deprivations denying "the minimal civilized measures of life's necessities" are sufficiently serious to form the basis of an Eighth Amendment violation) (internal quotations and citations omitted).

The subjective element of the Eighth Amendment analysis focuses on whether the defendant official acted with "a sufficiently culpable state of mind." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) (citing *Wilson v. Seiter*, 501 U.S. at 300). "Deliberate indifference" requires more than negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 835. In order for a prison official to act with deliberate indifference, he must know of and disregard

an excessive risk to an inmate's health or safety. *Hathaway*, 37 F.3d at 66. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id*.

**B.     Application**

Plaintiff alleges that soy beans have poison in them, they have "no nutrients," and are not "healthy for people." (Compl. ¶ 6 at p.5). Plaintiff also claims that soy-based food contains estrogen, which should be fed to females in small portions, but essentially leads to emasulation, "messes" with brain chemistry, and creates mood swings. Plaintiff must first show that the soy in the prison diet presents a substantial risk of serious harm to his current or future health. *Farmer*, 511 U.S. at 834. The same Eighth Amendment claim has been rejected by several courts. *See e.g. Mitchell v. New York State Dep't of Corrections*, No. 6:06-CV-6278, 2012 WL 6204205, at *11-12 (W.D.N.Y. Dec. 12, 2012), *cited in Riley El v. Godinez*, No. 13-C-8656, 2015 WL 4572322, at *3 (N.D. Ill. July 27, 2015). In *Mitchell*, plaintiff claimed that "DOCCS' inclusion of soy-based food in the diet provided to prisoners violate[d] the Eighth Amendment' proscription against cruel and unusual punishment because the medical literature establishe[d] that soy cause[d] cancer and [led] to emasulation." *Id.* The court in *Mitchell* dismissed this claim, stating that it was "patently frivolous." *Id.* (citing *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam)).

The court in *Riley El* discussed the plaintiff's soy claim more extensively because plaintiff made two separate claims regarding soy-based products. First, he claimed that the soy-rich diet served to the inmates, generally, violated the Eighth

10

Amendment, just as plaintiff alleges in this case. 2015 WL 4572322, at *3. In addition, Riley-El alleged that he was allergic to soy, and defendants were deliberately indifferent to his medical condition by giving him soy-based foods. *Id.* at *4-5.

With respect to the allegation that soy was harmful to male inmates in general, the court held that "the alleged risks posed by consuming a soy-rich diet do not rise to the level of an Eighth Amendment violation." *Id.* at *4. The court in *Riley El* cited several cases, in addition to *Mitchell*, in which courts had rejected the same claim, both on the pleadings alone and on summary judgment, after discovery. *Id.* at *3-4 (citing *Harris v. Brown*, No. 07-CV-3225, 2014 WL 4948229, at *1-4 (C.D. Ill. Sept. 30, 2014) (after lengthy analysis, holding that serving soy to prisoners could not be considered cruel and unusual punishment as a matter of law); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam) (holding that prisoner's claim that he was subjected to cruel and unusual punishment because he became ill after consuming a soy-based meat substitute "simply does not rise to the level of cruel and unusual punishment"); *Adams v. Talbor*, No. 13-2221, 2013 WL 5940630, at *2 (C.D. Ill. Nov. 6, 2013) (dismissing prisoner's claim that soy-based diet caused him to experience stomach problems); *Smith v. Rector*, No. 13-CV-837, 2013 WL 5436371 at *4 (S.D. Ill. Sept. 30, 2013) (dismissing sua sponte claim based on allegations that prison meals contained too much soy); *Hong v. McNeil*, No. 4:10-CV-155, 2012 WL 512688, at *5 (N.D. Fla. Jan. 6, 2012) (recommended granting summary judgment to prison officials, because the record contained no evidence that soy products caused harm, much less that prison officials were indifferent to any risk of harm), *adopted by* 2012 WL 512653

(N.D. Fla. Feb. 6, 2012). In *Harris*, the court stated that "'society today simply does not see soy protein as a risk to the general population, much less a serious risk.'" *Harris*, 2014 WL 4948229, at *4. Based on the extensive case law on this subject, plaintiff's claim that soy is generally harmful to him and to other inmates must be dismissed.[4] Because the plaintiff is unable to overcome even the objective prong of the Eighth Amendment standard, the court need not discuss whether defendants were "deliberately indifferent" to any serious risk of harm.

## V. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint for failure to state a claim, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *See Ellis v. Wilkinson*, 81 F. Supp. 3d 229, 238-39 (E.D.N.Y. Jan. 28, 2015) (considering whether to grant plaintiff leave to amend after finding that plaintiff failed to state a plausible claim under section 1983) (citing *Cuoco v. Moritsugo*, 222 F.3d 99, 112 (2d Cir. 2000). In *Cuoco*, the Second Circuit held that leave to amend should be denied where "better pleading will not cure" the defects in a plaintiff's complaint."

---

[4] The court must point out, although it is not relevant to this court's decision, that plaintiff is incorrect when he states that soy does not have protein. Soy has plant-based protein, and there are studies showing that soy has health benefits. *See Harris, supra*. The court in *Harris* stated that "even accepting [certain studies showing that soy had harmful effects] and the opinions of the plaintiffs' experts, the most that can be said is that the safety of soy is a topic of current debate and has been for some time. *Id.* at *4. "That is not enough to find an Eighth Amendment violation." *Id.*

### B. Application

The complaint itself clearly fails to state a claim. In plaintiff's response to the motion to dismiss, he now appears to allege that he asked the "medical staff" to be "removed from the soy diet & to be placed on a high protein diet with real food, with no soy because of my Hep-C." (Dkt. No. 20 at 3). However, plaintiff does not state that he has an allergy to soy or that his medical condition is exacerbated by the soy products. Instead, plaintiff states that "soy food is bad diet to gain weight with & is not good for my health." (*Id.*) Essentially, plaintiff is adding some facts to his original claims. He blames the soy for his mood swings, which apparently cause him to misbehave, resulting in placement in the Special Housing Unit ("SHU"), where he has been assaulted by corrections officers. (*Id.*)

The court notes that plaintiff has not named any medical personnel as defendants, and he has never claimed that any of the supervisory officials knew about his medical condition, other than to say that the supervisory officials were "responsible" for looking at inmates' medical records. In *Riley El*, the court held that "[a]lthough the provision of a soy diet, as a general matter, does not violate the Eighth Amendment, it may still amount to cruel and unusual punishment if a plaintiff has a serious medical condition for which soy is contraindicated." 2015 WL 4572322 at *5.

Plaintiff in this case does not allege that he is "allergic" to soy, and he appears to state that the reason that soy is not good for his Hep-C is because it is difficult for him to gain weight with the diet. Neither plaintiff's medical condition, nor his alleged requests to the medical staff for assistance regarding a specific medical condition, are

13

mentioned in the original complaint. Plaintiff has not asked to amend his complaint. Thus, although the court will recommend dismissal of this action, the dismissal should be without prejudice to plaintiff submitting a proper motion to amend his complaint to make claims that he has suffered specific harm based upon a medical condition for which soy is contraindicated, not the unsupported belief that soy is "bad" for male inmates in general. If he seeks damages, he must name also name defendants who were personally responsible for a constitutional violation. He must not name supervisors because they were "in charge" and "should have known" about the alleged violation. In addition, plaintiff is no longer incarcerated at Southport. Thus, if he still wishes to request injunctive relief, may no longer name defendant Sheaham.[5]

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss for failure to state a claim (Dkt. No. 18), be **GRANTED**, and the complaint **DISMISSED WITHOUT PREJUDICE** to plaintiff filing a proper motion to amend, together with a proposed amended complaint as stated above within forty-five (45) days of the date of an order approving this Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE**

---

[5] Plaintiff's transfer out of Southport moots any claim for injunctive relief from the Superintendent of Southport. *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (transfer from a prison facility moots an action for injunctive relief against the transferring facility).

**REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 28, 2016

Hon. Andrew T. Baxter
U.S. Magistrate Judge